BLAIR, Trustee, *v.* ST. LOUIS, H. & K. R. Co. and others. (GREENE, Intervenor.[1])

*(Circuit Court, E. D. Missouri.* March 19, 1885.)

MORTGAGES—SURRENDER OF BONDS UNDER SCALING ARRANGEMENT—LIEN FOR PORTION OF REDUCED INDEBTEDNESS, FOR WHICH NEW BONDS WERE NOT ISSUED.

> The indebtedness of a railroad was scaled down,—old mortgage bonds were surrendered, and new issued. A creditor surrendered his bonds, and received new ones for all, except a small portion, of the reduced indebtedness to him. No bond was issued for it, because no bond was issued for so small a sum. *Held,* that said creditor is entitled to a lien, equal to that of other mortgage creditors, for the whole amount due him.

Exceptions to Master's Report.

*Theo. G. Case,* for complainant.

*John O'Grady,* for receiver.

*Fogg & Hatch* and *James Carr,* for intervenor.

BREWER, J., *(orally.)* In the case of *Greene* against *The Railroad* this state of facts is presented : It appears that this gentleman held at one time, I think, $20,000 of bonds. (I may not have the figures correctly.) The indebtedness was scaled down, and new bonds were issued. He surrendered his old bonds, and received new bonds for a portion of that amount; but there was a fraction over, $500 or $600, and no bonds apparently issuing for that limited sum, he holds that claim unadjusted, or rather unsecured by a bond. The master has allowed this as a claim against the company, but holds that it is inferior to the mortgage,—this new mortgage that was created at the time the debt was scaled down. In that, we think he is mistaken; that as Mr. Greene held the amount of the original indebtedness— $20,000—as a prior and secured debt, and surrendered it for the mere purpose of having the indebtedness scaled down, he is entitled for all of the reduced obligation to come in with the present bondholders on the same standing; that although he has an amount here of $500, —not enough to make a full bond,—yet his debt in equity stands on the same footing as that of those who have received bonds. So in that respect the exception will be sustained, and the debt will be held to be of equal lien with the mortgage debt, and paid out of the proceeds of the sale, the same as the other mortgage obligations.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.